The defendant pleaded guilty in October of 2010 to distribution of crack cocaine and possession of crack cocaine with intent to distribute and received concurrent sentences of three and one-half years to four years in State prison, with no term of probation. In September of 2012, upon learning of the misconduct of chemist Annie Dookhan,[2] the defendant filed a motion to withdraw his guilty pleas and for a new trial. A special magistrate held an evidentiary hearing on the motion (which the defendant amended twice) and issued written findings and rulings recommending that it be denied. A Superior Court judge adopted the magistrate's findings and rulings and denied the defendant's third amended motion to vacate his guilty pleas and for a new trial. The defendant appeals.
A motion to withdraw a guilty plea, which is treated as a motion for a new trial, may be allowed if "it appears that justice may not have been done." Commonwealth v. Scott, 467 Mass. 336, 344 (2014). To prevail on such a motion in a Dookhan-related case, the defendant must satisfy a two-part test: he must show (1) that "egregious government misconduct preceded the entry of his guilty plea," and (2) that there is "a reasonable probability that he would not have pleaded guilty had he known of Dookhan's misconduct." Id. at 347, 354-355. Our review of the judge's decision is limited to determining whether he "committed a significant error of law or other abuse of discretion." Id. at 344, quoting from Commonwealth v. Sherman, 451 Mass. 332, 334 (2008).[3]
Regarding the first part of the test, a defendant "is entitled to a conclusive presumption that egregious government misconduct occurred" if he presents a drug certificate from his case that was signed by Dookhan as the primary or confirmatory chemist. Scott, 467 Mass. at 352. Here, Dookhan was the primary chemist on both of the samples submitted for testing. We therefore presume that there was egregious government misconduct.
The defendant failed, however, to demonstrate a reasonable probability that he would not have entered the pleas had he known of the misconduct. As the magistrate found, there was substantial circumstantial evidence supporting the charges against the defendant. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 357 ("motion judge may consider such relevant facts as the circumstances of the defendant's arrest and whether the Commonwealth possessed other circumstantial evidence tending to support the [drug] charge"). At the plea hearing, the defendant admitted to the following facts: An undercover police officer approached the defendant and asked him about purchasing narcotics; after walking together, the defendant gave the officer crack cocaine in exchange for $20; other officers then moved in to arrest the defendant and found more drugs directly on the ground where he was apprehended, and an additional $45, a pocket knife, baggies, and two cellular telephones on his person. That the defendant engaged in a hand-to-hand transaction with an undercover officer, combined with the other indicia of drug dealing, is strong circumstantial evidence that he possessed and distributed crack cocaine. See Commonwealth v. Resende, 475 Mass. 1, 17 (2016) ; Commonwealth v. Antone, 90 Mass. App. Ct. 810, 818 (2017).[4]
The defendant also received a significantly reduced sentence as a result of the plea agreement. See Scott, 467 Mass. at 357 (motion judge may consider sentence reduction resulting from plea). Although he was originally charged with two habitual offender enhancements and two park-zone violations, the Commonwealth agreed to dismiss those charges in exchange for the guilty pleas. Each of the habitual offender charges carried a ten-year mandatory minimum sentence, and each of the park-zone charges carried a mandatory two-year minimum from and after his sentences on the drug charges. The record thus supports the magistrate's finding that the defendant received an "appreciable" benefit by pleading guilty. See Resende, 475 Mass. at 18-19.
None of the various arguments raised by the defendant on appeal shows that the magistrate abused her discretion. The magistrate was not required to credit or give weight to the testimony of plea counsel, who stated only in generic terms that Dookhan's malfeasance is "a significant issue" and he "thinks" it would have changed his advice to the defendant. Nor was the magistrate required to believe the defendant's testimony that he would not have pleaded guilty had he known of the malfeasance. Although the defendant claims that he "clearly did not feel that the sentence that he was pleading to was a fair sentence," the transcript of the plea hearing does not support his assertion. Rather, it reveals that, after the plea judge carefully explained the potential sentence on each charge, the defendant stated he was "grateful" for the plea offer and accepted it.[5] The defendant's remaining arguments are generic ones, applicable to any Dookhan-related case, and do not entitle him to relief because they are not particularized to his individual decision to plead guilty. See Scott, 467 Mass. at 356 ; Resende, 475 Mass. at 17.
Order denying third amended motion to vacate guilty plea and for new trial affirmed.

See Commonwealth v. Scott, 467 Mass. 336, 338-342 (2014).

Because the judge adopted the decision of the special magistrate, "we treat the magistrate's findings and rulings as those of the judge and apply the same standard of review." Commonwealth v. Williams, 89 Mass. App. Ct. 383, 388 (2016).

We need not reach the defendant's argument that the magistrate improperly based her findings on grand jury minutes that were not part of the evidentiary record. The grand jury minutes added details to the factual recitation from the plea hearing but did not materially affect the magistrate's assessment of the strength of the evidence.

At another point, the defendant asked, "[C]an we chop it down to like a 3 and a 4 or something?" The sentence he received-three and one-half years to four years with no probation-was essentially what he requested.